# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 1, 2021 16:15**

By: ANDREW D. PAPPERT 0093964

Confirmation Nbr. 2218833

MARSHALL HUNTER                              CV 21 945840

     vs.

UNITED AIRLINES, INC. ET AL.          **Judge:** JOHN P. O'DONNELL

**Pages Filed:** 14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MARSHALL HUNTER | ) | CASE NO. |
| 1241 East 134th Street | ) | |
| Cleveland, Ohio 44112 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| UNITED AIRLINES, INC. | ) | |
| CT Corporation, Statutory Agent | ) | **JURY DEMAND ENDORSED** |
| 1300 E. 9th St | ) | **HEREIN** |
| Cleveland, Ohio 44114-0000 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| PAM POLLACK | ) | |
| c/o Cleveland Airport System | ) | |
| PO Box 81009 | ) | |
| Cleveland, Ohio 44181-0009 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| HUNTLEIGH USA CORPORATION | ) | |
| 545 E. John Carpenter Freeway | ) | |
| Suite 175 | ) | |
| Irving, Texas 75062 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| AIRWAY CLEANERS, LLC | ) | |
| 15 Clinton Ave | ) | |
| Rockville Centre, New York 11570, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Marshall Hunter, by and through undersigned counsel, as his Complaint against

the Defendants, states and avers the following:

**PARTIES AND VENUE**



1. Marshall Hunter ("Hunter") is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Huntleigh USA Corporation ("Huntleigh") is a foreign for-profit corporation whose principle place of business in Texas is located at 545 E. John Carpenter Freeway, Suite 175, Irving, Texas 75062.

3. Huntleigh was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

4. Airway Cleaners, LLC ("Airway") is a foreign for-profit limited liability company whose principle place of business in New York is located at 15 Clinton Ave, Rockville Center, New York 11570.

5. Airway was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

6. United Airlines, Inc. ("United") is a foreign for-profit corporation whose principle place of business in

7. United was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

8. United had significant weight in determining who Huntleigh hired, fired and disciplined.

9. United and Huntleigh have or had interrelated operations, i.e., common location of employees; centralize control of labor relations and personnel; and common management, and constitute joint-employers.

10. During all material events asserted herein, United and Huntleigh are joint-employers.

11. United had significant weight in determining who Airway hired, fired and disciplined.



12. United and Airway have or had interrelated operations, i.e., common location of employers; centralize control of labor relations and personnel; and common management, and constitute joint-employers.

13. During all material events asserted herein, United and Airway are joint-employers.

14. Pam Pollack ("Pollack") is a resident of the state of Ohio.

15. Pollack was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Cleveland Airport System who acted directly or indirectly in the interest of Cleveland Airport System and United.

16. Pollack was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

17. All of the material events alleged in this Complaint occurred in Cuyahoga County.

18. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code § 2307.382(A)(1) and (4).

19. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

20. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

21. Marshall Hunter is a former employee of Huntleigh.

22. Hunter is African American.

23. Hunter worked for Huntleigh as a baggage handler for United Airlines ("United") at Cleveland-Hopkins from 1995 until being demoted on October 6, 2018.

24. During his employment with Defendants, Hunter was treated differently from non-African-American employees.



25. Hunter had no meaningful performance issues with Huntleigh or United from 1995 until summer of 2018.

26. Cleveland Airport System hired Pam Pollack to be the general manager of United at Cleveland Hopkins in the summer of 2018.

27. During all material allegations herein, Pollack was acting in the course and scope of her employment.

28. Pollack is Caucasian.

29. After being hired in the Summer of 2018, Pollack became hostile towards African American employees.

30. After being hired in the Summer of 2018, Pollack began to target Hunter specifically with discriminatory behavior.

31. On or around October 5, 2018, Pollack accused Hunter of having smoked marijuana before work (hereinafter "Marijuana Accusation").

32. During the Marijuana Accusation, Pollack claimed she could smell marijuana on Hunter.

33. Hunter informed Pollack during the Marijuana Accusation that he had not been using marijuana.

34. For all material allegations herein, Steven Lang ("Lang") was Hunter's supervisor while Hunter worked for Huntleigh as a baggage handler for United.

35. During the Marijuana Accusation, Pollack demanded that Hunter's supervisor Lang empty out his backpack to search for marijuana.

36. During the Marijuana Accusation, Lang refused to conduct the search due to the racist assumptions the search was based on.



37. After Hunter's supervisor refused to conduct a search during the Marijuana Accusation, Pollack called the police.

38. Pollack had the police search Hunter's bag during the Marijuana Accusation.

39. After the police thoroughly searched Hunter's bag during the Marijuana Accusation, they found no evidence of marijuana.

40. After the police thoroughly searched of Hunter's bag during the Marijuana Accusation, they concluded that no citation could be issued.

41. The day after the Marijuana Accusation, October 6, 2018, Pollack forced Hunter to take a drug test.

42. The results of the drug test taken by Hunter on October 6, 2018 came back as negative for any illegal substances.

43. Despite the results of the October 6, 2018 drug test coming back as negative, Huntleigh demoted Hunter from his position as a baggage handler to wheelchair pusher the following week.

44. The October 6, 2018 demotion included a severe reduction in Hunter's income.

45. Upon information and belief, after being demoted on October 6, 2018, Hunter's earning went from $8.50 an hour plus tips to $5.50 an hour plus tips.

46. Upon information and belief, Hunter received substantially less tips as a wheelchair pusher than as a baggage handle.

47. Defendants did not proffer a legitimate non-discriminatory reason for demoting Hunter.

48. The above facts, alongside the temporal proximity of the demotion to the false accusations, indicate Huntleigh committed a discriminatory adverse employment action against Hunter because of his race.



49. A reasonable person would have found Hunter's subsequent working conditions to be so unusually adverse that a reasonable person would have felt compelled to resign.

50. Huntleigh intended to create working conditions that were so unusually adverse that it would force Hunter to quit.

51. At all times material herein, similarly situated non-African-American employees were not constructively discharged without just cause.

52. Huntleigh constructively discharged Hunter because of his race.

53. The lowered pay, as a result of being demoted to wheelchair pusher, forced Hunter to seek new employment.

54. Hunter is a former employee of Airway.

55. Hunter began working a new job in cabin service for United through Defendant Airway on December 5, 2018.

56. Upon information and belief, Hunter was making $13.50 an hour working in cabin service.

57. Pollack continued to interfere with Hunter in his new job in cabin service.

58. On January 24, 2019, Hunter was working on an extremely cold day (hereinafter "Polar Vortex Incident").

59. While working during the Polar Vortex Incident, one of the tubes used by Hunter froze to a plane.

60. For all material allegations alleged herein, Maryann Burns ("Burns") was Hunter's supervisor during his employment with Airway.

61. Hunter called his supervisor, Maryann Burns, during the Polar Vortex Incident to assist in thawing and removing the tube.



62. While waiting for Burns during the Polar Vortex Incident, Hunter noticed that Pollack was watching him.

63. After returning inside during the Polar Vortex Incident, Burns asked him about the history between Hunter and Pollack.

64. During the Polar Vortex Incident, Hunter truthfully reported to Burns about the Marijuana Accusation and about Pollack's other discriminatory actions.

65. After Hunter reported Pollack to Burns during the Polar Vortex Incident, Burns made a comment about whether Hunter had ever made other United employees feel uncomfortable.

66. Hunter had never done anything during his employment to Defendants that would make any employee feel uncomfortable or see him as a threat.

67. Burns admitted to Hunter during the Polar Vortex that Pollack had called Burns about Hunter.

68. Prior to the Polar Vortex Incident, Pollack told false complaints to Hunter's supervisor to get Hunter terminated (hereinafter "False Accusations").

69. During the Polar Vortex Incident, Burns initially told Hunter that he could keep his job.

70. The day after the Polar Vortex Incident, January 25, 2019, Hunter was terminated.

71. In Hunter's termination letter, the reason given was that United did not want Hunter on their property.

72. United pressured Airway to terminate Hunter

73. Airway did not proffer a legitimate non-discriminatory reason for terminating Hunter.

74. Airway terminated Hunter because of his race.

### COUNT I: RACIAL DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*. (against Defendant Huntleigh, Defendant Airway, and Defendant Pollack only)

75. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™



76. Throughout his employment, Hunter was fully competent to perform his essential job duties.

77. Defendants treated Hunter differently than other similarly situated employees based on his race.

78. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Hunter due to his race.

79. At all times material herein, similarly situated non-African American employees were treated like Hunter.

80. Hunter suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

81. As a direct and proximate result of Defendants' conduct, Hunter has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (against Defendant United only)

82. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Throughout his employment, Hunter was fully competent to perform his essential job duties.

84. In Hunter's termination letter, the reason given was that United did not want Hunter on their property.

85. United had significant weight in determining who Huntleigh hired, fired and disciplined.

86. United and Huntleigh have or had interrelated operations, i.e., common location of employers; centralized control of labor relations and personnel; and common management, and constitute joint-employers.

87. United had significant weight in determining who Airway hired, fired and disciplined.



88. United and Airway have or had interrelated operations, i.e., common location of employers; centralized control of labor relations and personnel; and common management, and constitute joint-employers.

89. United exercised that authority to pressure Airway into terminating Hunter.

90. United has not proffered a legitimate non-discriminatory reason for pressuring Airway into terminating Hunter.

91. As a joint-employer, Defendant treated Hunter differently than other similarly situated employees based on his race.

92. As a joint-employer, Defendant violated R.C. § 4112.01 *et seq.*by discriminating against Hunter due to his race.

93. At all times material herein, similarly situated non-African American employees were not treated in the same way as Hunter.

94. Hunter suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

95. As a direct and proximate result of Defendant's conduct, Hunter has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III: WRONGFUL TERMINATION BASED ON RACIAL DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.* (against Defendant Huntleigh only)

96. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

97. Hunter is a member of a statutorily-protected class under R.C. § 4112.01 *et seq*.

98. Huntleigh did not proffer a legitimate non-discriminatory reason for demoting Hunter.



99. A reasonable person would have found Hunter's subsequent working conditions to be so unusually adverse that a reasonable person would have felt compelled to resign.

100. Huntleigh intended to create working conditions that were so unusually adverse that it would force Hunter to quit.

101. Huntleigh constructively discharged Hunter from his employment without just cause.

102. Huntleigh constructively discharged Hunter based on his race.

103. Huntleigh violated R.C. § 4112.01 *et seq* when they constructively discharged Hunter.

104. Hunter suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

105. As a direct and proximate result of Defendant's conduct, Hunter has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

### COUNT IV: WRONGFUL TERMINATION BASED ON RACIAL DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*. (against Defendant Airway only)

106. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

107. Hunter is a member of a statutorily-protected class under R.C. § 4112.01 *et seq*.

108. Airway did not proffer a legitimate non-discriminatory reason for terminating Hunter.

109. Airway terminated Hunter from his employment without just cause.

110. Airway terminated Hunter based on his race.

111. Airway violated R.C. § 4112.01 *et seq* when they terminated Hunter.

112. Hunter suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.



113. As a direct and proximate result of Defendant's conduct, Hunter has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.* (against Defendant United and Defendant Pollack only)

114. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

115. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

116. Defendants aided, abetted, incited, coerced, and/or compelled Huntleigh's discriminatory termination of Hunter' employment.

117. Defendants aided, abetted, incited, coerced, and/or compelled Airway's discriminatory termination of Hunter's employment.

118. Defendants violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

119. Hunter suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

120. As a direct and proximate result of Defendants' conduct, Hunter has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP (against Defendant United and Defendant Pollack only)

121. Hunter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. During his employment through Huntleigh, Hunter worked at Cleveland-Hopkins for United.

123. Pollack had knowledge of Hunter's employment with Huntleigh and Airways.



124. Pollack had knowledge of Hunter's employment with Huntleigh.

125. Pollack had knowledge of Hunter's employment with Airways.

126. Pollack, at all material times, was acting within the course and scope of her employment.

127. Airport System has knowledge of Hunter's employment with Huntleigh.

128. Airport System has knowledge of Hunter's employment with Airways.

129. Defendants intentionally interfered with Hunter's employment with Huntleigh. through the Marijuana Accusation.

130. Defendants intentionally interfered with Hunter's employment with Huntleigh. through other conduct that led to Huntleigh constructively discharging Hunter.

131. Defendants intentionally interfered with Hunter's employment with Airway by giving false and negative information regarding Hunter to Hunter's supervisor subsequent the Polar Vortex Incident.

132. Defendants' conduct caused termination of Hunter's employment with Huntleigh.

133. Defendants' conduct caused termination of Hunter's employment with Huntleigh.

134. Defendants' conduct contained information that was false about Hunter.

135. Defendants' conduct was committed with the intent to result in the termination of Hunter.

136. Defendants' conduct was committed in bad faith.

137. Defendants' conduct was committed with a malicious purpose against Hunter.

138. As a direct and proximate result of Defendants' conduct, Hunter suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Hunter demands from Defendants the following:



(a) Issue an order requiring Defendants to restore Hunter to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Hunter for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Hunter's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Andrew D. Pappert (0093964)
Brian D. Spitz (0068816)
**The Spitz Law Firm, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: drew.pappert@spitzlawfirm.com
          brian.spitz@spitzlawfirm.com

*Attorneys for Marshall Hunter*

The Employee's Attorney.™



## **JURY DEMAND**

Plaintiff Marshall Hunter demands a trial by jury by the maximum number of jurors permitted.

Andrew D. Pappert (0093964)

The Employee's Attorney.™





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: SERVICE REQUEST**
**April 1, 2021 16:15**

By: ANDREW D. PAPPERT 0093964

Confirmation Nbr. 2218833

MARSHALL HUNTER                                    CV 21 945840

      vs.

UNITED AIRLINES, INC. ET AL.                    **Judge:**  JOHN P. O'DONNELL

**Pages Filed:**  1



## Common Pleas Court of Cuyahoga County, Ohio
### Nailah K. Byrd, Clerk of Courts

## INSTRUCTIONS FOR SERVICE

MARSHALL HUNTER
Plaintiff(s)

Vs.
UNITED AIRLINES, INC. et al.
Defendants(s)

Case Number _____

Judge: _____

Date: 04/01/2021

Method of Service Requested:

Certified Mail Service ✔  Ordinary Mail Service ☐  Federal Express Service ☐

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server _____

Residence Service by Process Server _____

Name(s) and Address(es) of Parties to Serve:

UNITED AIRLINES, INC. CT Corporation, Statutory Agent 1300 E. 9th St Cleveland, Ohio 44114

HUNTLEIGH USA CORPORATION 545 E. John Carpenter Freeway Suite 175 Irving, Texas 75062

PAM POLLACK c/o Cleveland Airport System  PO Box 81009 Cleveland, Ohio 44181-0009

AIRWAY CLEANERS, LLC 15 Clinton Ave Rockville Centre, New York 11570

Additional Instructions:

_____

_____

Filing Party Name: Andrew Pappert    Supreme Court ID if applicable: 0093964

Phone Number: (216) 291-4744

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service if Different from address included above Nbr. 2218833 / CLAJB

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21945840 | D3 CM | 44073014 |

CLEVELAND, OHIO 44113

Rule 4 (B) Ohio

Rules of Civil
Procedure

| MARSHALL HUNTER | **PLAINTIFF** |
|---|---|
| **VS** | |
| UNITED AIRLINES, INC. ET AL. | **DEFENDANT** |

## SUMMONS

HUNTLEIGH USA CORPORATION
545 E. JOHN CARPENTER FREEWAY
SUITE 175
IRVING TX 75062

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

JOHN P O'DONNELL
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Apr 2, 2021 |

By _____
Deputy



COMPLAINT FILED    04/01/2021

CMSN130

Date Produced: 04/12/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5130 69. Our records indicate that this item was delivered on 04/05/2021 at 03:27 p.m. in IRVING, TX 75062. The scanned image of the recipient information is provided below.

Signature of Recipient :

> HUNTLEIGH USA
> KA RT 6215/<-19

Address of Recipient :

> 545 EJC FWY
> #175

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Case: 1:21-cv-00940-JG  Doc #: 1-1  Filed: 05/03/21  21 of 25.  PageID #: 27

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21945840 | D4 CM | 44073015 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  | |
|---|---|
| MARSHALL HUNTER | **PLAINTIFF** |
| **VS** | |
| UNITED AIRLINES, INC. ET AL. | **DEFENDANT** |

## SUMMONS

AIRWAY CLEANERS, LLC
15 CLINTON AVE
ROCKVILLE CENTRE NY 11570

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

JOHN P O'DONNELL
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
**Clerk of the Court of Common Pleas**

| **DATE SENT** |
|---|
| Apr 2, 2021 |

By_____
**Deputy**

COMPLAINT FILED   04/01/2021



**POSTAL SERVICE**™

Date Produced: 04/12/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5130 76. Our records indicate that this item was delivered on 04/06/2021 at 09:54 a.m. in ROCKVILLE CENTRE, NY 11570. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :  **15 CLINTON AVE ROCKVILLE CENTRE, NY 11570**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: CV2104584044072015 / AIRWAY CLEANERS, LLC 0021045840205
Sent To:  15 CLINTON AVE  ROCKVILLE CENTRE, NY 11570



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**WAIVER SERVICE RETURN**
May 4, 2021 16:07

By: ANDREW D. PAPPERT 0093964

Confirmation Nbr. 2244914

MARSHALL HUNTER                                CV 21 945840

    vs.

UNITED AIRLINES, INC. ET AL.                   **Judge:**  JOHN P. O'DONNELL

**Pages Filed:**  2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

MARSHALL HUNTER          )
                         )
        Plaintiff,       )
                         )
    v.                   )
                         )      **WAIVER OF THE SERVICE OF**
UNITED AIRLINES, INC., et al.  )  **SUMMONS FOR DEFENDANT**
                         )      **HUNTLEIGH USA CORPORATION**
        Defendant.       )
                         )
                         )
                         )

To: Andrew Pappert, Esq.

I have received your request to waive service of a summons in this action along with a copy of the complaint.

I represent Defendant Huntleigh USA Corporation. ("Defendant") in the above-captioned matter.

Defendant agrees to save the expense of serving a summons and complaint in this case.

By signing this waiver of the service of summons, Defendant understands it will keep all defenses or objections to the lawsuit including, but not limited to, a belief the lawsuit is groundless, the court's jurisdiction, and the venue of the action, except for objections to the absence of a summons or of service.

Defendant also understands they must file and serve an answer or a motion under Rule 12 within 60 days from May 4, 2021, the date when this request was sent. If Defendant fails to do so, a default judgment could be entered against them.

Date: _May 4, 2021_

_[signature]_
Attorney Signature
Evelyn P. Schonberg
6480 Rockside Woods Blvd., South, Suite 350
lynns@rbslaw.com
(216) 447-1551

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.